IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RANDALL E. HEIDE,**

      Plaintiff,

      v.

**CAROLYN W. COLVIN,**
Acting Commissioner of the Social Security
Administration,

      Defendant.

**Civ. No. 6:13-cv-0522-MC**

**OPINION AND ORDER**

MCSHANE, Judge:

Plaintiff Randall E. Heide brings this action for judicial review of the Commissioner's final administrative decision denying his application for disability benefits under Title II of the Social Security Act (SSDIB) and Supplemental Security Income disability benefits under Title XVI (SSI). This court has jurisdiction pursuant to 42 U.S.C. § 1383(c) and 405(g). Plaintiff seeks an Order reversing the decision of the Commissioner and remanding the action to the Social Security Administration for an award of benefits.

After careful consideration, the Commissioner's decision is **AFFIRMED** for the following reasons.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff, Mr. Randall E. Heide, protectively filed an application for SSI disability benefits on January 7, 2008. (Tr. 27, 176-181). The claim was denied, after which Plaintiff requested a hearing before an administrative law judge (ALJ) of the Social Security Administration. The hearing was held before the ALJ on November 18, 2010 (Tr. 49-100). On January 7, 2011, the ALJ issued his decision finding Plaintiff was not disabled (Tr. 27-42). On April 24, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 12-16). This action resulted in the ALJ's decision becoming the final order of the agency from which Plaintiff now appeals to this Court. 20 C.F.R. §§ 416.1481, 422.210. Plaintiff was represented by counsel through the administrative hearing, but was unrepresented (pro se) during his appeal to the Appeals Council and for his appeal to this Court.[1]

Plaintiff alleges disability based initially on a combination of reported impairments, including concussive syndrome, multiple chemical sensitivities, reactive airway disease, and arthritis in his neck, back, and joints. (Tr. 192). In Plaintiff's Opening Brief however, he claims his disability is actually "based on combined impairments, the most critical of which are multiple chemical sensitivity, hepatitis/fatty liver, post concussive syndrome (2004), depression, anxiety, PTSD, degenerative disk disease, shoulder injuries, and status-post bilateral knee surgeries." [#17 at p. 2]. Finally, in Plaintiff's Reply Brief, he further expands his claim for disability to include "Cognitive Disorder (secondary to Post Concussive Syndrome), Major Depression, Anxiety, PTSD, GAF of 44, Chemical Sensitivities, Reactive Airway Disease, Hepatitis, Fatty Liver, Limitations of Left Shoulder due to O/A and injuries, O/A of the Knees, DDD of Lumbar -Thoracic and Cervical Spine and Peripheral Arterial Disease." [#23 at p. 14].

---

[1] It is unclear if Plaintiff's attorney declined to continue representation after the administrative hearing with the ALJ, or if Plaintiff fired his attorney, as Plaintiff has stated in a letter to the ALJ, "I had informed Ms. Tucker prior to the hearing that if the claim was denied after the hearing I would respond to the decision myself." (Tr. 270)

2 – OPINION AND ORDER

During Step Two of the sequential disability evaluation process, the ALJ determined that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the lumbar, thoracic and cervical spine; tendonitis of the left shoulder; status post left knee arthroscopic repair of torn meniscus; asthma; chemical sensitivities; cognitive disorder, NOS; major depressive disorder; anxiety disorder; somatoform disorder; medical marijuana abuse; and peripheral artery disease." (Tr. 29). However, the ALJ found Plaintiff *not* disabled because the ALJ determined he was able to perform other work existing in significant numbers in the national economy, based on expert vocational testimony used to create Plaintiff's Residual Functional Capacity (RFC) assessment used in Step Five of the process. (Tr. 40-41).

## STANDARD OF REVIEW

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months" 42 U.S.C. § 423 (d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Commissioner*, 648 F.3d 721, 724 (9th Cir. 2011). The five steps proceed as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one or more of the specific impairments described in 20 C.F.R. Pt. 404, Subpart. P, App. 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

3 – OPINION AND ORDER

5. Is the claimant able to do any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof for the first four steps in the process. *Bustamante v. Massanari,* 262 F.3d 949, 953 (9th Cir. 2001); see also *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).  The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy").

If the Commissioner fails to meet this burden, then the claimant is disabled.  If, however, the Commissioner proves that the claimant is able to perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. *Bustamante v. Massanari,* 262 F.3d at 953-54.  The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Put another way, substantial evidence is "more than a scintilla but less than a preponderance." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).  To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).  *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

4 – OPINION AND ORDER

# DISCUSSION

In general terms, the Plaintiff argues that the Commissioner's final decision was not supported by substantial evidence, was missing or ignored numerous pertinent medical records, contained legal errors, and that the ALJ was unethical and biased, as described in Plaintiff's Opening Brief [#17 at pp. 12-19] and Reply Brief [#23 at pp. 1-14]. The Commissioner has interpreted the Plaintiff's arguments as assigning error in the following issues:

*1. Whether the ALJ properly developed the record;*

*2. Whether the ALJ's evaluation of the medical evidence was reasonable and supported by substantial evidence; and*

*3. Should Plaintiff's extra-record evidence, submitted for the first time to this Court on appeal, be struck because it was not part of the transcript of the record and Plaintiff has not shown good cause for his failure to submit the evidence to the Commissioner below?*
[#18 at p.2].

This Court agrees with the Commissioner's interpretations of the arguments and shall address each issue in turn. In addition, the Court shall address Plaintiff's concerns regarding the ALJ's alleged unethical and biased actions, and other findings.

## 1. Did the ALJ Properly Develop the Record:

The Plaintiff argues that the ALJ did not properly develop the record because several medical records relating to his two *previous* social security disability claims are not contained in the administrative transcript and the Plaintiff faults the ALJ for not obtaining them prior to his current claim. [#17 at pp. 2-11, 16-17].

The Commissioner argues that the record was fully and properly developed by the ALJ.

The Commissioner notes in the Defendant's Brief that the ALJ made the following findings in

developing the record during the Five Step sequential disability evaluation process that led to the

ALJ determining Plaintiff was *not* disabled [#18 at p. 3]:

*Step One: Plaintiff did not engage in substantial gainful activity since the alleged onset date. (Tr. 29, Finding 1).*

*Step Two: Plaintiff had the severe impairments of: "degenerative disc disease of the lumbar, thoracic and cervical spine; tendonitis of the left shoulder; status post left knee arthroscopic repair of torn meniscus; asthma; chemical sensitivities; cognitive disorder, NOS; major depressive disorder; anxiety disorder; somatoform disorder; medical marijuana abuse; and peripheral artery disease." (Tr. 29, Finding 2).*

*Step Three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the per se disabling impairments listed in 20 C.F.R. part 404, subpart P, app. 1. (Tr. 31, Finding 3).*

*Residual Functional Capacity (RFC): Plaintiff had the residual functional capacity to perform light work, except: he can only occasionally climb, stoop, kneel and crawl. He is limited to occasional overhead reaching bilaterally. The claimant is to avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, gases, poor ventilation, etc. He is limited to unskilled work with minimal public contact and no exposure to hazards such as moving machinery or unprotected heights. (Tr. 33, Finding 4).*

*Step Four: Plaintiff had no past relevant work (Tr. 40, Finding 5).*

*Step Five: Based on vocational testimony, the ALJ found there were jobs existing in significant numbers in the national economy Plaintiff could perform (Tr. 40-41, Findings 6-9).*

The duty to develop the record is shared by the Commissioner and the Plaintiff.

20 C.F.R. § 416.912(a). In order for the Plaintiff to meet his burden, he is required to bring

everything that shows that he is disabled to the Commissioner's attention. 20 C.F.R. §§

416.912(a), (c), 416.940(b)(1). The ALJ's duty to be *especially* diligent in the case of a *pro se*

claimant does not apply when the claimant was represented by an attorney at the hearing.

*Chaudhry v. Astrue*, 688 F.3d 661, 669 (9th Cir. 2012). It is undisputed that the Plaintiff was

represented by counsel at the administrative hearing. (Tr. 27, 49).

6 – OPINION AND ORDER

Before making a determination about whether a claimant is disabled, an ALJ is obligated to develop and consider the claimant's complete medical history for at least the 12 months prior to the month in which the claimant filed his application unless there is a reason to believe that development of an earlier period is necessary. 20 C.F.R. § 416.912(d). Here, the ALJ would have been required to develop the record back to December 2006, given Plaintiff's January 2008 application date (Tr. 27, 176-181).

During the Administrative Hearing, the ALJ admitted all of the medical records offered by the Plaintiff. There were no objections to the record, requests for additional record development, or mention of missing records voiced by the Plaintiff or his counsel. (Tr. 54). The ALJ properly fulfilled his duty to develop the record in this case when the record included all the medical records requested by the Plaintiff for the applicable time period.

The missing medical records relating to the Plaintiff's two *previous* social security disability claims were outside the applicable time period for Plaintiff's current claim. In addition, since the old records had already been submitted as part of previous social security disability claims and had already been considered by other ALJ's in those *un*successful applications, the current ALJ was *not* required to re-adjudicate them. *Bayliss,* 427 F.3d at 1217. [#18 at p. 6].

Regardless, many of these old records *were* in fact accepted and considered by the ALJ in this case. For example, Plaintiff asserts that the record did not contain evidence from Dr. Robert J. Kaye, M.D. (#17 at p. 17). However, the record does actually contain Dr. Kaye's treatment notes from March 24, 2006 through September 28, 2008. (Tr. 409-574). Plaintiff was also allowed to submit 57 pages of additional evidence to the Appeals Council, which was accepted and made part of the administrative record as appended exhibits. (Tr. 15-16).

7 – OPINION AND ORDER

For these reasons, I find that the record was fully developed with respect to Plaintiff's

SSI application and the ALJ was under no duty to perform additional retroactive record

development because the records at issue were beyond the applicable time period, and because

the ALJ sufficiently cited evidence in the record adequate enough to properly make a

determination regarding Plaintiff's disability (and as discussed further in the next section).


## 2.  <u>Was the ALJ's Evaluation of the Medical Evidence Reasonable:</u>

The second issue is whether or not the ALJ's evaluation of the medical evidence was

reasonable and supported by substantial evidence in the record using the proper legal standards.

A court must uphold the ALJ's decision if the evidence is susceptible to more than one rational

interpretation and one of those interpretations supports the ALJ's decision. *See Burch v.

Barnhart,* 400 F.3d 676 (9th Cir. 2005).  In making their decision, an ALJ must consider the

medical opinion evidence in the context of the record as a whole. 20 C.F.R. § 416.927(b).

They ALJ must also address all material evidence in the record and clearly indicate what

evidence was rejected and reasons for discounting that evidence. *Plummer v. Apfel,* 186 F.3d

422, 429 (3rd Cir. 1999).  In doing so, an ALJ must provide "clear and convincing reasons" for

rejecting any *un*-contradicted opinions of treating sources and "specific and legitimate reasons"

for rejecting any contradicted opinions. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

In order to show harm and warrant a remand, Plaintiff bears the burden to demonstrate

without operation of mandatory presumptions or application of rigid rules, that an error affected

his substantial rights, not merely their procedural rights. *Ludwig v. Astrue*, 681 F.3d 1047, 1054

(9th Cir. 2012).  At step two of the sequential evaluation process, the claimant bears the initial

burden to prove the existence of a severe impairment by providing medical evidence consisting

8 – OPINION AND ORDER

of signs, symptoms, and laboratory findings. The claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1508; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). An impairment or combination of impairments is only "severe" within the meaning of the regulations if the impairment(s) significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment is *not* severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

In Plaintiff's assignment of error #9 in his Reply Brief, he argues that "The Commissioner and ALJ erred by selective use of evidence and ignoring evidence showing disability" but he does not specify which evidence was ignored or misused in the evaluations of the record. [#23 at p. 12]. Plaintiff's Opening Brief makes no specific mention of this issue at all. As the Commissioner correctly cites, because Plaintiff has not presented this issue with specificity, it is deemed waived. *Carmickle*, 533 F.3d at 1161 n.2 ("We do not address this finding because Claimant failed to argue this issue with any specificity in his briefing.") (citing *Paladin Assocs., Inc. v. Mont. Power Co.,* 328 F.3d 1145, 1164 (9th Cir. 2003)), noting that we "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief." [#18 at p. 7].

Regardless of the issue of waiver, this Court finds that the ALJ's decision was in fact reasonable and supported by substantial evidencé (or in some instances based on the lack thereof) in the record. The ALJ reasonably evaluated the plaintiff's statements and medical records regarding his limitations and the RFC sufficiently accounted for them. The ALJ provided sufficient specific and germane reasons explaining why he discounted and rejected the plaintiff's unsubstantiated and/or contradicted claims, and went into great detail discussing them.

9 – OPINION AND ORDER

The ALJ must also consider statements of "non-medical sources," including spouses, parents, and other relatives in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1513(d)(4); *see also Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ is further obligated to give specific and germane reasons for rejecting third-party testimony. *Dodrill,* 12 F.3d at 919. Here, the ALJ did so by accepting and considering all of the non-medical source statements offered by the Plaintiff as evidence, including the 'Adult Third Party Function Report" completed by the Plaintiff's mother (Tr. 199-207).

Fort these reasons, the court finds that the Plaintiff has not met his burden of showing harmful error by the Commissioner or ALJ and remand is unwarranted.


### 3.  Should Plaintiff's Extra-Record Evidence Be Considered:

The third issue is whether or not the Plaintiff's additional extra-record (new) evidence should be accepted by this Court or ordered to be considered by the Commissioner on remand. Specifically, the Plaintiff argues that the April 2011 Questionnaire completed by Dr. Kaye and attached to Plaintiff's Opening Brief should be accepted and considered as new evidence. [#17 at pp. 20-27].

The Commissioner argues that this additional evidence cannot be accepted or considered because considering evidence not in the record is not allowed by statute.  The Commissioner further argues that even if the evidence was considered, it does not undermine the ALJ's decision because if it had been part of the record, it would not have been enough to overcome the substantial contrary evidence cited by the ALJ supporting his finding of "*not* disabled." [#18 at pp. 16-17].

In this case, the Plaintiff did not submit Dr. Kaye's April 2011 Questionnaire to either the ALJ during the administrative hearing or to the Appeals Council, and therefore it is not part of the record. According to the plain meaning of the statute granting this Court the authority to hear this case, this Court may not affirm, modify, or reverse the Commissioner's decision based on anything *outside* of the pleadings and transcript of the record. 42 U.S.C. § 405(g). The only exception to this is found under sentence six of section 205(g), wherein the court may remand the case to the Commissioner to consider additional evidence, "but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g); *see Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993). Here, Plaintiff has not shown "good cause" explaining his failure to offer this evidence in a prior proceeding, even though as previously discussed in section one, the Appeals Council did accept 57 pages of *other* additional evidence the Plaintiff submitted after the administrative hearing. (Tr. 15-16). Therefore the argument is waived and a remand under sentence six is not appropriate. Further, even if the content of Dr. Kaye's 2011 Questionnaire was accepted, it would not rise to the level of "new and material" evidence worthy of a remand for consideration because it is merely a summation of the 165 pages of treatment notes from Dr. Kaye that are *already* included in the record. (Tr. 409-574).

For these reasons, this Court agrees with the Commissioner and finds that Dr. Kaye's April 2011 Questionnaire does not rise to the level of *new and material* evidence requiring a remand because similar and/or duplicative evidence was already considered in the record, and because Plaintiff failed to explain the "good cause" preventing him from having previously offered it to the ALJ or the Commissioner. Further, even if the ALJ *had* considered this additional evidence, it would *not* have compelled him to reach a different disability

11 – OPINION AND ORDER

determination because his finding of "*not* disabled" was already supported by substantial

evidence in the record based on the application of proper legal standards.


### 4. <u>The ALJ's Alleged Unethical and Biased Actions:</u>

The Plaintiff alleges that the ALJ (John J. Madden Jr.) engaged in unethical behavior

during the administrative hearing, which led to the ALJ issuing a biased decision. Specifically,

in a letter written by the plaintiff himself to ALJ Madden, the plaintiff claims that "after the close

of my hearing on November 10, 2010…you (ALJ Madden) began by stating that your 'Brother'

owned a chemical company…and hired a lot of new attorneys to test the chemicals on…and

apparently your brother likes to poison people rather than rats." The plaintiff goes on in the

letter to say, "I remember thinking 'Of all the luck, I end up with a Judge with a brother with a

chemical company that uses people as test subjects…'" and that "After your story I knew you

would deny my claim before I left." (Tr. 270).

The Plaintiff's allegations would be troubling if true. However, according to the

Plaintiff's own former attorney (Cheryl Coon) who represented him at the hearing that day,

"Having been present at the hearing, I can confirm, of course, that none of the allegations he

makes in his closing paragraph are true in any respect." (Tr. 269).

Based on the statement provided by the Plaintiff's former attorney, beyond the Plaintiff's

own unsubstantiated claims, there is no evidence to prove or even suggest wrongdoing on the

part of the ALJ. Therefore, this issue is moot and does not require any further discussion.

5. **Other Findings:**

This is Plaintiff's 3rd unsuccessful application for SSI disability benefits.[2]  From a review of physicians' statements in the trial record as a whole, it seems clear that Plaintiff's chances of proving disability might improve if Plaintiff were to be less resistive to his doctors' treatment plans (taking medications as prescribed, etc.) and to be more receptive to the idea of receiving additional mental health treatment & diagnosis. This Court agrees with Plaintiff's physician assessments and encourages him to pursue and explore various mental health therapy and treatment options in the future.  This may allow an administrative judge in a future hearing to have a better understanding of Plaintiff's ability to contribute to the workplace. This finding is of course, just a general observation to consider, and not a directive.

# CONCLUSION

For these reasons, this Court finds that the Plaintiff did not meet his burden to show prejudicial error, and the ALJ's findings that Plaintiff was not entitled to disability insurance benefits was based upon correct legal standards and supported by substantial evidence in the record which was sufficiently developed to support a finding of *not* disabled.

Therefore, the Commissioner's final decision is **AFFIRMED**.

IT IS SO ORDERED.

DATED this 30th day of March, 2015.

Michael J. McShane
United States District Judge

---

[2] Plaintiff notes in his Opening Brief that his first application for benefits was made on 11/3/1999 but it was "initially denied and not pursued in a timely manner." He further notes that his second application was made on 6/8/2001, but it was "denied as well...after a hearing by (ALJ) Thomas Tielens in 2006." [#17 at p. 1].

13 – OPINION AND ORDER